

PLAINTIFFS' EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DESIREE EHRLICH** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. 5:23-CV-927** |
| § | |
| **JEFFREY O'NEAL EVANS AND** § | |
| **TRADITIONAL TRANSPORTATION** § | |
| **COMPANY, LLC** § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, DESIREE MARIE EHRLICH, hereinafter referred to by name or as Plaintiff, and complains of JEFFREY O'NEAL EVENS and TRADITION TRANSPORTATION COMPANY, LLC, hereinafter referred to by name or as Defendants, and for cause of action respectfully shows the court as follows:

## I.
## DISCOVERY LEVEL

1.  Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES/SERVICE

2.  Plaintiff, DESIREE EHRLICH, is an individual residing in Bexar County, Texas.

    Defendant, TRADITION TRANSPORTATION COMPANY, LLC, is a corporation authorized to do business in the State of Texas and has been served.

    Defendant, JEFFREY O'NEAL EVENS, is a resident of the State of Indiana and has been served.

Pursuant to RULE 28 of the TEXAS RULES OF CIVIL PROCEDURES, if any Defendant to this suit has been incorrectly named, it is instructed to answer suit in its proper name.

## III.
## JURISDICTION & VENUE

3. Venue is proper in Bexar County pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURES, this is a cause of action that exceeds $1,000,000.00 in damages and is within the court's jurisdictional limits.

## IV.
## FACTS

4. On or about June 30, 2021, Plaintiff DESIREE MARIE EHRLICH was operating a 2012 Mitsubishi in a lawful manner traveling south on Walters St. in San Antonio, Bexar County, Texas. Defendant, JEFFREY O'NEAL EVENS, who was an agent/employee of Defendant TRADITION TRANSPORTATION COMPANY, LLC, was operating a 2016 International, 18-wheeler, traveling north on IH 35 Access Rd. in the course and scope of his employment with Defendant TRADITION TRANSPORTATION COMPANY, LLC. Defendant JEFFREY O'NEAL EVENS failed to stop at a red light, failed to yield the right of way and struck Plaintiff's vehicle. As a result of Defendant's negligence Plaintiff sustained severe injuries and damages to her body, as more fully set forth below.

The occurrence made the basis of this suit, as stated above, and Plaintiff's resulting injuries and damages were proximately cause by the negligent conduct of the Defendants.

## V.
## CAUSE OF ACTION – JEFFREY O'NEAL EVENS

5. A. NEGLIGENCE

The occurrence made the basis of this suit, reflected in section IV, and the resulting injuries and the damages of Plaintiff, was proximately caused by the negligent conduct of the Defendant, JEFFREY O'NEAL EVENS, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances:

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under the same or similar circumstances;

d. in failing to pay attention to the road and traffic signs;

e. in failing to control her speed in violation of Tex. Transp. Code §545.351;

f. in failing to yield the right of way

g. in engaging in distracted driving; and

h. in failing to stop at a red light.

Each of these acts/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff, suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

Further, Defendant, JEFFREY O'NEAL EVENS, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.151, approaching an intersection, V.T.C.A. Transportation Code, §545.153, vehicle entering stop or yield intersection, and V.T.C.A. Transportation Code, §545.351, failure to control speed.

Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff, suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VI.
## CAUSE OF ACTION – TRADITION TRANSPORTATION COMPANY, LLC

6. *A. RESPONDEAT SUPERIOR*

    Defendant, TRADITION TRANSPORTATION COMPANY, LLC was negligent under the theory of *respondeat superior* in that Defendant JEFFREY O'NEAL EVENS was acting within the course and scope of his employment with TRADITION TRANSPORTATION, LLC at the time the incident occurred.

    Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant TRADITION TRANSPORTATION COMPANY, LLC were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and were a proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES

7.   The occurrence made the basis of this suit, referred to in this Petition, and Plaintiff resulting injuries and/or damages, were proximately caused, aggravated or accelerated by the negligent conduct of the Defendants.

    As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff DESIREE MARIE EHRLICH suffered severe bodily injuries to her neck, back, arms, legs, shoulders, head, and other parts of her body generally. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects

are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of the deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

8. As a further result of all of the above, Plaintiff have incurred expenses for her medical care and attention. These expenses were incurred for the necessary care and the treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were in incurred.

9. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

10. Plaintiff has also suffered losses and damages to her personal property, including but not limited to damage to her vehicle.

11. Plaintiff has also suffered a loss of physical impairment in the past and in the future.

12. Plaintiff has lost wages in the past and future earning capacity.

13. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the court for which she now sues.

Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seek monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which plaintiff deems herself justly entitled at the time of filing the suit, which, with the passage of time, may change.

## VIII.
## INTEREST

14. Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## JURY DEMAND

15. Plaintiff hereby make application for a jury trial and requests that this cause be set on the court's jury docket. Plaintiff have made payment of the required jury fee.

## X.
## PRAYER

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial thereafter, that Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of the court, together with all pre-judgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled, at law and in equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;

10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Property damage.

                                               Respectfully submitted,

                                               **CARABIN & SHAW, P.C.**
                                               875 E. Ashby, Ste. 1100
                                               San Antonio, TX 78212
                                               Telephone: (210) 222-2288
                                               Facsimile: (210) 271-1517

                                     By: /s/ Bernardo Gonzalez
                                               **BERNARDO GONZALEZ**
                                               State Bar No. 08124100
                                               bernardogonzalez@carabinshaw.com
                                               ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record on Wednesday August 30, 2023.

*Via E-Service*
Patrick F. Madden
Jennifer A. Cheek
Lauren L. Smith
MACDONALD DEVIN MADDEN KENEFICK & HARRIS, PC
12770 Coit Rd. Ste. 1100
Dallas, Texas 75257
Telephone: (214) 744-3300
Facsimile: (214) 747-0942
pmadden@macdonalddevin.com
jcheek@macdonalddevin.com
lsmith@macdonalddevin.com
**ATTORNEY FOR DEFENDANT**

                                               /s/ Bernardo Gonzalez
                                               **BERNARDO GONZALEZ**